UNITED STATES *v.* SQUIBB & SONS (No. 732).[1]

1. JUDICIAL NOTICE.

Judicial notice will be taken of the prominent, important, and generally known facts of vegetable growth and life; but such facts as are of minor importance, not actually within the sphere of common observation and knowledge, will not be judicially noticed, even though such facts may be ascertained by reference to technical treatises.

2. CELERY SEED, AROMATIC VARIETY.

The evidence here, while not ample, is sufficient to support the finding that the importation was not garden celery seed, but celery seed of the aromatic kind, used commonly in the drug trade and as such was free of duty.

United States Court of Customs Appeals, November 28, 1911.

APPEAL from Board of United States General Appraisers, Abstract 26002 (T. D. 31727).

[Affirmed.]

*Wm. L. Wemple,* Assistant Attorney General (*Wm. A. Robertson* on the brief), for the United States.

*Leigh Dornburgh* for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

Under the tariff act of 1909 the appellee imported into this country a consignment of celery seed. Such seed is entitled to free entry by favor of paragraph 559 of that act if it be aromatic as distinguished from garden celery seed; if the seed be garden celery seed it is dutiable at the rate of 10 cents per pound by provision of paragraph 266 of the act as a seed not specially provided for.

The collector held that the importation was garden celery seed and assessed the same accordingly.

---

[1] Reported in T. D. 32081 (21 Treas. Dec., 683).

The importers filed their protest to this action of the collector and contended that the seed was not garden celery seed, but was in fact the aromatic variety and therefore entitled to free entry.

This protest was tried upon evidence. to the Board of General Appraisers, and the board held it well taken and directed reliquidation accordingly. The Government now seeks a reversal of this decision of the board. The sole question in the case therefore is whether the decision of the board is sustained by sufficient evidence or not.

The evidence in the record tends to show that the importers are chemists engaged in the manufacture of medicines; that the seed in question was bought of a firm who dealt in crude botanical drugs, but not in garden seeds; and that the seed was in fact ground by the importers and made up into pharmaceutical preparations. One witness, J. Ernest Bradshaw, superintendent for a firm dealing in botanical drugs, including celery seed, testified from a sample of the seed that it looked to him to be a fair sample of the celery seed of the drug trade. Another witness, A. Lowell, who had served for 10 years in the employment of a large wholesale drug establishment, testified that he did not possess a very extensive knowledge of botanical drugs, but that he knew celery seed; that the wholesale druggists by whom he had been employed handled celery seed, but not the garden variety; and that the sample of the seed in question had the same general appearance as the celery seed which the drug firm handled at the time of his connection with them.

The sample of the importation which was exhibited to the witnesses, as above appears, was filed with the board, and is now before the court. The Government called no witnesses, and the foregoing is substantially all the evidence which was submitted to the board. Upon this evidence the board held with the importers.

While the testimony in support of the importers' claim is not very full or very convincing, yet in the absence of contradiction or avoidance it seems to be sufficient to serve as a predicate for the board's decision. The decision is certainly not wholly unsupported by evidence, nor is it clearly contrary to the weight of the evidence. It seems to be conceded that the two varieties of celery seed look very much alike. The testimony, as above outlined, is to the effect that drug houses deal, or at least profess to deal, only in the aromatic variety of celery seed; that the seed in question was bought by one such firm from another like firm; that it was treated as aromatic seed by its use in pharmaceutical preparations; and that two witnesses who had seen and handled the aromatic seed rather feebly identified this article as belonging to that class.

The Government contends that in the garden variety of celery seed each seed has 12 oil ducts, while in the aromatic variety each has but

6 such ducts; and it was suggested in the oral argument that this court would be able to find by examining the sample under the microscope that each seed has in fact 12 such oil ducts. The Government suggested in the oral argument that the court should thus supplement or complete the record, and inform itself of the facts by its own investigation in the premises.

However, it seems to be very doubtful whether the court should take judicial notice of the alleged fact that each variety of celery seed has a given number of oil ducts. There is nothing at all in the testimony upon this subject.

Courts will take judicial notice of the prominent, important, and generally known facts of vegetable growth and life; but such facts as are of minor importance to the community in general and are therefore not actually within the sphere of common observation and knowledge will not be judicially noticed, even though such facts may be ascertained by reference to technical treatises upon the subject.

And if the alleged fact concerning the oil ducts is not within judicial knowledge, it becomes even more doubtful whether in such case the court should undertake to inform itself upon the subject by a microscopical examination of the exhibit. Such an investigation made by the court in the absence of the parties, not for the purpose of better understanding or interpreting the testimony in the record, but rather for the purpose of bringing into the case a new line of evidence not even suggested by the record, would not be authorized by correct rules of procedure.

On the whole, therefore, it seems that the testimony upon which the case was submitted to the board and upon which its decision was founded is sufficient to sustain that decision, and it is *affirmed.*